UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL TOMASSI,

      Plaintiff,

                            CASE NO.  2:14-CV-10929
                            JUDGE NANCY G. EDMUNDS
                            MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

MEDICAL RECOVERY
SYSTEMS, INC.,

      Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S AUGUST 25, 2014 MOTION TO DISMISS (Doc. Ent. 8)**

**I.     RECOMMENDATION:** The Court should grant defendant's August 25, 2014 motion to dismiss (Doc. Ent. 8) but should also employ an opportunity to amend as exemplified in *Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 WL 1515852 (E.D. Mich. Apr. 18, 2014) (Rosen, C.J.) before dismissing the case.

**II.    REPORT:**

**A.    Background**

**1.**    On or about January 22, 2014, Daniel Tomassi filed a small claims affidavit and claim against Medical Recovery Systems, Inc. in a State of Michigan district court.  Plaintiff simply alleges that he was harassed in Dearborn Heights by a collector and that his claim arose in 2013. *See* Doc. Ent. 1 at 4 (Case No. 14-71700-SCP (20th District Court, Dearborn Heights)).

Defendant Nationwide Collection Agencies, Inc., d/b/a Money Recovery Nationwide, removed the case to this Court on March 1, 2014.  Doc. Ent. 1 at 1-3, Doc. Ent. 1-1.  On March 6, 2014, defendant filed an answer and affirmative defenses.  Doc. Ent. 2.

**2.**     Judge Edmunds has referred this case to me for pretrial matters. Doc. Ent. 6. On June 26, 2014, I set the discovery deadline for July 24, 2014 and the dispositive motion deadline for August 25, 2014. Doc. Ent. 7.

**B.     Defendant's Fed. R. Civ. P. 12(b)(6) Motion**

On August 25, 2014, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's complaint fails to state a claim upon which relief can be granted. Doc. Ent. 8. In pertinent part, Fed. R. Civ. P. 12 provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject-matter jurisdiction;
>
> (2) lack of personal jurisdiction;
>
> (3) improper venue;
>
> (4) insufficient process;
>
> (5) insufficient service of process;
>
> (6) failure to state a claim upon which relief can be granted; and
>
> (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b) (How to Present Defenses.).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

**C.     Defendant's motion to dismiss is unopposed.**

On or about January 22, 2014, when plaintiff filed his claim in state court, his address was 20550 Meadowview, Livonia, MI 48152. Doc. Ent. 1 at 4. Although plaintiff did not initiate his case in this Court, defendant Money Recovery Nationwide has provided a proof of service that the March 1, 2014 notice of removal was sent to plaintiff at his address of record. *See* Doc. Ent. 1-1 at 2. This remains his address of record, and it is the address to which the Court mailed its April 17, June 26 and August 27 orders. *See* Text-Only Certificates of Service for Doc. Entries 6, 7 & 9.

Pursuant to my August 27, 2014 order (Doc. Ent. 9), plaintiff's response to defendant's August 25, 2014 motion to dismiss (Doc. Ent. 8) was due on or before September 26, 2014. "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich LR 7.1(c)(1).

To date, plaintiff has not filed a response.

**D.    It appears that plaintiff has abandoned this case.**

Of the nine (9) matters filed in this case, four (4) were filed by defendant (*see* Doc. Entries 1, 2, 3 & 8) and five (5) were filed by the Court (*see* Doc. Entries 4, 5, 6, 7 & 9). Thus, other than Tomassi's state court affidavit and claim attached to defendant's notice of removal (*see* Doc. Ent. 1 at 4), Tomassi has not filed any matters in the record of this case.

Furthermore, if plaintiff's contact information has changed, he has not so informed the Court. Specifically, the local rules of this Court provide that:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

LR 11.2 ("Failure to Provide Notification of Change of Address"). If 20550 Meadowview is no longer plaintiff's address, it is his responsibility to inform the Court of a change in address or contact information.

Plaintiff having filed nothing in this case since its apparent January 2014 initiation, the Court may consider dismissal of this case for failure to prosecute.

**E.    Most importantly, assuming plaintiff's complaint is based upon the FDCPA, the complaint does not state a claim upon which relief can be granted.**

Perhaps, as defendant interprets (*see* Doc. Ent. 1 ¶¶ 4, 6), plaintiff's complaint is based upon the Fair Debt Collection Practices Act (FDCPA), which is codified at 15 U.S.C. §§ 1692-1692p.[1] "To establish a prima facie case in an action for violation of the Fair Debt Collection

---

[1] For the sake of explanation, the **Consumer Credit Protection Act (CCPA)** is codified at 15 U.S.C. §§ 1601-1693r. The subchapters of the CCPA have been explained by the 1st Circuit as follows: "**Subchapter I of the Consumer Credit Protection Act is the Truth in**

4

Practices Act, the plaintiff must prove that (1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt." *In re Creditrust Corp.*, 283 B.R. 826, 830 -831 (Bkrtcy. D.Md. 2002).

However, even assuming that plaintiff's complaint is based upon the FDCPA and that defendant Money Recovery Nationwide is a debt collector and that the debt was a consumer debt, plaintiff's complaint does not explain how defendant's presumed debt-collecting conduct was prohibited by the FDCPA. In fact, plaintiff's Small Claims Affidavit and Claim does not specify a statutory or other basis for his claim against defendant. *See* Doc. Ent. 1 at 4.

Moreover, considering plaintiff's allegation of harassment, the Court notes the provision of the FDCPA that provides: "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d ("Harassment or abuse"). However, that plaintiff's complaint states only that he was harassed in Dearborn Heights by a collector does not, alone, state a §1692d claim upon which relief may be granted. *See, i.e., Riding v. Cach LLC*, 992 F.Supp.2d 987, 995 (C.D. Cal. 2014) ("Plaintiff makes conclusory statements that in each of

---

**Lending Act ("TILA")**, 15 U.S.C. § 1601 et seq. , which imposes disclosure requirements on creditors. **Subchapter II places restrictions on garnishment of compensation**, 15 U.S.C. § 1671 et seq. **Subchapter II-A is the Credit Repair Organizations Act**, 15 U.S.C. § 1679 et seq. , which protects consumers from unfair trade practices by credit repair organizations. **Subchapter III is the FCRA**, 15 U.S.C. § 1681 et seq. , which primarily regulates credit reporting agencies but also places requirements on users of credit information from these agencies. **Subchapter IV is the Equal Credit Opportunity Act**, 15 U.S.C. § 1691 et seq., which prohibits discrimination in the extension of credit. **Subchapter V is the Fair Debt Collection Practices Act**, 15 U.S.C. § 1692 et seq. **Subchapter VI is the Electronic Fund Transfer Act**, 15 U.S.C. § 1693 et seq. , which regulates the participants in electronic fund transfer systems." *Sullivan v. Greenwood Credit Union*, 520 F.3d 70, 73 (1st Cir. 2008) (emphasis added).

Defendants' telephone calls, Defendants would 'yell into the telephone accusations that Plaintiff owed Defendants payment on the alleged debt, and used abusive language, the natural consequence of which was to abuse.'[]. Such naked assertions, devoid of 'further factual enhancement,' are insufficient to state a claim under § 1692d(2)."); *Holmes v. Electronic Document Processing, Inc.*, 966 F.Supp.2d 925, 934-935 (N.D. Cal. 2013) (in denying defendants' motion to dismiss, the Court found that plaintiff had adequately stated FDCPA violations where plaintiff claimed that "by filing a false Proof of Service and withholding EDP's name and process server registration number from the Proof of Service, Defendants violated Sections 1692d, 1692e, 1692e(2), 1692e(10) and 1692f of the FDCPA."); *Brown v. Hosto & Buchan, PLLC*, 748 F.Supp.2d 847, 853 -854 (W.D. Tenn. 2010) (in denying defendant's motion to dismiss as to plaintiff's § 1692d(5) claim, "[t]he frequency of Hosto's calls to Brown's telephone and the manner in which Hosto called Brown's cellular telephone using an automatic telephone dialing system could plausibly cause an unsophisticated consumer to feel harassed, oppressed, or abused. . . . the frequency and nature of these calls provide plausible grounds to infer that Hosto's intent was to annoy, abuse, or harass Brown."); *In re Meadows*, 425 B.R. 806, 810-811 (Bkrtcy. W.D. Va. 2010) (in denying plaintiff's motion for default judgment and dismissing plaintiff's complaint without prejudice, "the Plaintiff paraphrased the language of 15 U.S.C. §§ 1629d, f, e, e(5) and e(10) followed by words stating that the Defendant violated those portions of the statute."); *see also Elsman v. Standard Federal Bank*, 46 Fed.Appx. 792, 799 (6th Cir. 2002) (affirming the district court's grant of defendants' motion to dismiss and/or for summary judgment, the Court stated, "Elsman's complaint contains only the summary conclusion that the defendants' actions violated the TILA, the Consumer Credit Protection Act, the Fair Debt

6

Collection Act, RICO, and state law.  Elsman makes no attempt in his complaint or in his briefs to present any facts concerning the elements required to prove violation of any of the aforementioned federal statutes and state claims."), *Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 WL 1515852, *1-*3 (E.D. Mich. Apr. 18, 2014) (Rosen, C.J.) (on a motion to dismiss, the Court concluded that "Plaintiff's Form Complaint Lacks Sufficient Factual Allegations to Enable Defendant to Meaningfully Respond to Plaintiff's Claim of a Violation of the TCPA [Telephone Consumer Protection Act].").

While the undersigned recommends that the Court grant defendant's August 25, 2014 motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. Ent. 8), I also suggest that the Court employ the procedure used by this Court in *Wallack*, 2014 WL 1515852, *3 ("Plaintiff is granted a period of twenty-one (21) days from the date of this opinion and order to file an amended complaint that addresses the deficiencies identified in Defendant's motion and in the Court's ruling.  In the event that Plaintiff fails to act within this 21–day period, the Court will dismiss this case with prejudice.").

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 14, 2014                    s/Paul J. Komives
                                                           PAUL J. KOMIVES
                                                           UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 14, 2014, electronically and/or by U.S. Mail.

                                                           s/Michael Williams
                                                           Case Manager for the
                                                           Honorable Paul J. Komives